UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUBBELL INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> LEVITON MANUFACTURING CO., INC., <br><br> Defendant. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Hubbell Incorporated, by this Complaint against Defendant, Leviton Manufacturing Co., Inc., alleges and states:

A. PARTIES

1. Plaintiff, Hubbell Incorporated ("Hubbell"), is a corporation organized and existing under the laws of the State of Connecticut, having a place of business at 40 Waterview Drive, Shelton, Connecticut 06484.

2. Upon information and belief, defendant, Leviton Manufacturing Co., Inc. ("Leviton"), is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 201 North Service Road, Melville, New York 11747.

## B. JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §1338(a).

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and §1400(b) because Leviton resides in, does business in, is subject to personal jurisdiction in and, upon information and belief, has committed acts of patent infringement in this Judicial District.

## C. NATURE OF CASE

5.     This action involves Hubbell's charge that Leviton infringes Hubbell's U.S. Patent No. 6,807,035, U.S. Patent No. 6,807,036, U.S. Patent No. 7,149,065, U.S. Patent No. 7,315,437, and U.S. Patent No. 7,733,617.

## D. CAUSE OF ACTION – COUNT I FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 6,807,035

6.     Hubbell is the sole owner by assignment of all right, title and interest in United States Letters Patent No. 6,807,035, entitled "Fault Interrupter Using Microcontroller for Fault Sensing and Automatic Self-Testing", and duly and legally issued on October 19, 2004 (hereinafter "the '035 Patent"). Hubbell has been the owner of the '035 Patent at all times since it issued. A copy of the '035 Patent is attached hereto as Exhibit A.

7.     On information and belief, Leviton makes, uses, imports, offers for sale and/or sells electrical receptacles having ground fault circuit interrupters (GFCIs) with self-test features (hereinafter the "Leviton Self-Test GFCI Receptacles") covered by the claims of the '035 Patent. The Leviton Self-Test GFCI Receptacles include, but are not limited to, those identified by the Leviton SMARTLOCKPRO Self-Test GFCI designation and by Leviton catalog numbers S7599-

W, S7599-I, S7599-T, S7599-GY, S7599-E, S7599, S7899-W, S7899-I, S7899-T, S7899-GY, S7899-E, and S7899. Leviton at least offers for sale and sells the Leviton Self-Test GFCI Receptacles in this Judicial District and throughout the United States. Copies of two brochures and an installation leaflet describing the Leviton Self-Test GFCI Receptacles are attached hereto as Exhibits B, C and D.

8. The making, using, importing, offering for sale and/or selling of the Leviton Self-Test GFCI Receptacles in this Judicial District and elsewhere in the United States constitutes direct infringement, contributory infringement and/or active inducement to infringe the '035 Patent.

9. Leviton's infringement of the '035 Patent has been and is in violation of Hubbell's patent rights, and it is believed that Leviton will continue to infringe Hubbell's patent rights unless enjoined by this Court.

10. As a result of Leviton's infringement of the '035 Patent, Hubbell has been damaged by loss of sales of its products covered by the '035 Patent, loss of profits and/or loss of royalties, or in other respects, and will continue to be damaged in an amount yet to be determined. Hubbell has suffered and will continue to suffer irreparable injury unless the infringing activities of Leviton are enjoined.

### E.  CAUSE OF ACTION - COUNT II FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 6,807,036

11. Hubbell is the sole owner by assignment of all right, title and interest in United States Letters Patent No. 6,807,036, entitled "Digital Fault Interrupter with Self-Testing Capabilities", and duly and legally issued on October 19, 2004 (hereinafter "the '036 Patent").

Hubbell has been the owner of the '036 Patent at all times since it issued. A copy of the '036 Patent is attached hereto as Exhibit E.

12. On information and belief, Leviton makes, uses, imports, offers for sale and/or sells Leviton Self-Test GFCI Receptacles covered by the claims of the '036 Patent. Leviton at least offers for sale and sells the Leviton Self-Test GFCI Receptacles in this Judicial District and throughout the United States.

13. The making, using, importing, offering for sale and/or selling of the Leviton Self-Test GFCI Receptacles in this Judicial District and elsewhere in the United States constitutes direct infringement, contributory infringement and/or active inducement to infringe the '036 Patent under 35 U.S.C. §271.

14. Leviton's infringement of the '036 Patent has been and is in violation of Hubbell's patent rights, and it is believed that Leviton will continue to infringe Hubbell's patent rights unless enjoined by this Court.

15. As a result of Leviton's infringement of the '036 Patent, Hubbell has been damaged by loss of sales of its products covered by the '036 Patent, loss of profits and/or loss of royalties, or in other respects, and will continue to be damaged in an amount yet to be determined. Hubbell has suffered and will continue to suffer irreparable injury unless the infringing activities of Leviton are enjoined.

### F. CAUSE OF ACTION - COUNT III FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 7,149,065

16. Hubbell is the sole owner by assignment of all right, title and interest in United States Letters Patent No. 7,149,065, entitled "Self Testing Digital Fault Interrupter", and duly and

legally issued on December 12, 2006 (hereinafter "the '065 Patent"). Hubbell has been the owner of the '065 Patent at all times since it issued. A copy of the '065 Patent is attached hereto as Exhibit F.

17. On information and belief, Leviton makes, uses, imports, offers for sale and/or sells Leviton Self-Test GFCI Receptacles covered by the claims of the '065 Patent. Leviton at least offers for sale and sells the Leviton Self-Test GFCI Receptacles in this Judicial District and throughout the United States.

18. The making, using, importing, offering for sale and/or selling of the Leviton Self-Test GFCI Receptacles in this Judicial District and elsewhere in the United States constitutes direct infringement, contributory infringement and/or active inducement to infringe the '065 Patent under 35 U.S.C. §271.

19. Leviton's infringement of the '065 Patent has been and is in violation of Hubbell's patent rights, and it is believed that Leviton will continue to infringe Hubbell's patent rights unless enjoined by this Court.

20. As a result of Leviton's infringement of the '065 Patent, Hubbell has been damaged by loss of sales of its products covered by the '065 Patent, loss of profits and/or loss of royalties, or in other respects, and will continue to be damaged in an amount yet to be determined. Hubbell has suffered and will continue to suffer irreparable injury unless the infringing activities of Leviton are enjoined.

### G. CAUSE OF ACTION - COUNT IV FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 7,315,437

21. Hubbell is the sole owner by assignment of all right, title and interest in United States Letters Patent No. 7,315,437, entitled "Self Testing Ground Fault Circuit Interrupter (GFCI) with End of Life (EOL) Indicator, Secondary Power Supply for EOL and Self Test Circuitry, and Device for Opening Line Hot When EOL Occurs", and duly and legally issued on January 1, 2008 (hereinafter "the '437 Patent"). Hubbell has been the owner of the '437 Patent at all times since it issued. A copy of the '437 Patent is attached hereto as Exhibit G.

22. On information and belief, Leviton makes, uses, imports, offers for sale and/or sells Leviton Self-Test GFCI Receptacles covered by the claims of the '437 Patent. Leviton at least offers for sale and sells the Leviton Self-Test GFCI Receptacles in this Judicial District and throughout the United States.

23. The making, using, importing, offering for sale and/or selling of the Leviton Self-Test GFCI Receptacles in this Judicial District and elsewhere in the United States constitutes direct infringement, contributory infringement and/or active inducement to infringe the '437 Patent under 35 U.S.C. §271.

24. Leviton's infringement of the '437 Patent has been and is in violation of Hubbell's patent rights, and it is believed that Leviton will continue to infringe Hubbell's patent rights unless enjoined by this Court.

25. As a result of Leviton's infringement of the '437 Patent, Hubbell has been damaged by loss of sales of its products covered by the '437 Patent, loss of profits and/or loss of royalties, or in other respects, and will continue to be damaged in an amount yet to be determined. Hubbell has suffered and will continue to suffer irreparable injury unless the infringing activities of Leviton are enjoined.

### H. CAUSE OF ACTION - COUNT V FOR PATENT INFRINGEMENT OF U.S. PATENT NO. 7,733,617

26. Hubbell is the sole owner by assignment of all right, title and interest in United States Letters Patent No. 7,733,617, entitled "Self Testing Digital Fault Interrupter", and duly and legally issued on June 8, 2010 (hereinafter "the '617 Patent"). Hubbell has been the owner of the '617 Patent at all times since it issued. A copy of the '617 Patent is attached hereto as Exhibit H.

27. On information and belief, Leviton makes, uses, imports, offers for sale and/or sells Leviton Self-Test GFCI Receptacles covered by the claims of the '617 Patent. Leviton at least offers for sale and sells the Leviton Self-Test GFCI Receptacles in this Judicial District and throughout the United States.

28. The making, using, importing, offering for sale and/or selling of the Leviton Self-Test GFCI Receptacles in this Judicial District and elsewhere in the United States constitutes direct infringement, contributory infringement and/or active inducement to infringe the '617 Patent under 35 U.S.C. §271.

29. Leviton's infringement of the '617 Patent has been and is in violation of Hubbell's patent rights, and it is believed that Leviton will continue to infringe Hubbell's patent rights unless enjoined by this Court.

30. As a result of Leviton's infringement of the '617 Patent, Hubbell has been damaged by loss of sales of its products covered by the '617 Patent, loss of profits and/or loss of royalties, or in other respects, and will continue to be damaged in an amount yet to be determined. Hubbell has suffered and will continue to suffer irreparable injury unless the infringing activities of Leviton are enjoined.

## I. REQUEST FOR RELIEF

31. WHEREFORE, Plaintiff Hubbell requests the following relief:

A. Judgment for Hubbell on its causes of action for patent infringement under 35 U.S.C. §271 against Leviton, holding the '035 Patent, the '036 Patent, the '065 Patent, the '437 Patent, and the '617 Patent valid and infringed by Leviton.

B. Preliminary and permanent injunction enjoining Leviton, its officers, directors, agents, servants, attorneys and employees and all those in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, from making, using, importing, offering for sale, and selling in the United States any product embodying the inventions of the '035 Patent, the '036 Patent, the '065 Patent, the '437 Patent, and the '617 Patent, and from any further acts of direct infringement, contributory infringement and inducement of infringement of the '035 Patent, the '036 Patent, the '065 Patent, the '437 Patent, and the '617 Patent.

C. An accounting for and an award of compensatory and punitive damages, including, but not limited to loss of profits and/or royalties, to Hubbell by reason of the wrongs committed by Leviton.

D. An award of interest, including pre- and post-judgment interest, and costs of this action pursuant to 35 U.S.C. §284, together with Hubbell's attorneys' fees pursuant to 35 U.S.C. §285.

E. Such other and further relief as this Court deems just and proper.

## J. JURY DEMAND

32. Hubbell requests a jury trial on all issues so triable.

Respectfully submitted,

HUBBELL INCORPORATED

Dated: Jan 17 2013

_____
Robert J. Cooney (email: rcooney@mdmc-law.com )
Fed. Bar No. ct04216
H. James Pickerstein (email: hpickerstein@mdmc-law.com)
Fed. Bar No. ct05094
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
30 Jelliff Lane
Southport, CT 06890-1436
Tel: (203) 319-4012
Fax: (203) 319-4034


Dated: Jan. 16, 2013

_____
Alfred N. Goodman (email: agoodman@roylance.com)
Fed. Bar. No. phv03025
Mark S. Bicks (email: msbdocket@roylance.com)
ROYLANCE, ABRAMS, BERDO & GOODMAN, L.L.P.
1300 19th Street, N.W., Suite 600
Washington, DC 20036-1649
Tel: (202) 659-9076
Fax: (202) 659-9344

Attorneys for Plaintiff Hubbell Incorporated

9